```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

THOMAS REEDY                     §
                                 §
V.                               §    CIVIL ACTION 4:12-CV-271-Y
                                 §    Criminal No. 4:00-CR-054-Y(1)
UNITED STATES OF AMERICA         §
```

ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2255 TO THE
 UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT
        (With special instructions to the clerk of Court)

Before the Court is a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by defendant Thomas Reedy. Thomas Reedy was convicted in a judgment filed in 2001. After the sentences were vacated, Reedy was finally re-sentenced in a Second Amended Judgment in 2005. Reedy's first motion for relief under 28 U.S.C. § 2255 was denied in an order filed November 3, 2008.[1] That order was affirmed on appeal.[2]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a second motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals.[3] The Supreme Court observed that this law "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by . . . Rule 9(b)."[4] Since the instant motion under 28 U.S.C. § 2255 was filed after the effective date of the AEDPA, this court is without jurisdiction to

---

[1] The first § 2255 motion was assigned civil case number 4:07-CV-024-Y.

[2] *United States v. Reedy,* No.09-10009 (September 1, 2010).

[3] *See* 28 U.S.C.A. § 2255(h)(West Supp. 2011); *see also* 28 U.S.C.A. § 2244(b)(3)(A)(West 2006).

[4] *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

consider it unless leave to file the same is granted by the court of appeals. In such circumstances, the United States Court of Appeals for the Fifth Circuit has authorized the transfer of such successive motions under § 2255 to that court.[5] Transfer is also consistent with 28 U.S.C. § 1631:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . and the action or appeal shall proceed as if it had been filed in . . . the court to which it is transferred. . ..[6]

As a result, the Court concludes that in the interests of judicial economy, Thomas Reedy's April 20, 2012, motion under 28 U.S.C. § 2255 will be transferred to the United States Court of Appeals for the Fifth Circuit.

Therefore, Thomas Reedy's April 30, 2012 motion seeking relief under 28 U.S.C. § 2255 is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit.

SIGNED May 3, 2012.

*[signature]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[5] *See In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997); *see also United States v. Stapleton,* Criminal No. 04-30004, 2008 WL 5169571, at *1 (W.D.La. 2008)

> (Because [§ 2255 movant] has not received [authorization from the court of appeals] or even filed with the Fifth Circuit a § 2244(b)(3)(A) petition for authorization to file a successive habeas petition in district court, this Court lacks jurisdiction over the instant motion. However, because the plaintiff is *pro se*, and in the interests of judicial economy, it makes sense to transfer this matter to the Fifth Circuit instead of simply dismissing it for lack of jurisdiction.)

[6] 28 U.S.C.A. § 1631(West 2006).